```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/09/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Graciela Bretschneider Doncouse

                                                Plaintiffs,

-v-

Godzilla Japanese Rest., Inc., et al.

                                                Defendants,

------------------------------------------------------------X

16 CV 3971 (JMF)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent ✓] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2. Settlement discussions [have ✓ / have not _____] taken place.

3. The parties [have ✓ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f). Counsel [have ✓ / have not _____] agreed on a schedule that calls for the close of all discovery not more than six (6) months from the date of the Notice of the Initial Pretrial Conference. [*If (1) the parties have agreed on such a schedule; (2) this Proposed Case Management Plan and Scheduling Order is submitted to the Court no later than thirty (30) days before the initial pretrial conference; and (3) the Court signs and dockets it, the initial pretrial conference will be cancelled, and the parties need not appear in person. In that event, the parties are reminded to check the docketed Case Management Plan for the date and time of the next pretrial conference. Further, the parties are cautioned that the Court will not grant an extension to agreed-upon deadlines except in extraordinary circumstances. If the Court does not sign and docket the Proposed Case Management Plan and Scheduling Order in advance, the parties must appear at the initial pretrial conference as scheduled.*]

4.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

5.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __N/A__.

7.  Discovery

    a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  All fact discovery shall be completed no later than __December 23, 2016__. [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    c.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than __January 29, ~~2016~~ 2017__. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(b) (i.e., the completion of all fact discovery).*]

8.  Interim Discovery Deadlines

    a.  Initial requests for production of documents shall be served by __September 19, 2016__.

    b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by __October 19, 2016__. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a).

    c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 7(b).

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

    f. Any of the deadlines in paragraphs 8(a) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

    g. No later than thirty (30) days prior to the date in paragraph 7(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(c).

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may, in accordance with the Court's Individual Rules and Practices in Civil Cases, file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must file a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Alternative dispute resolution/settlement

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
   N/A

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   (i) Settlement before a magistrate Judge

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   Within the next 60 days.

   d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and

Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17. This case [is _____ / is not ✓ ] to be tried to a jury.

18. Counsel for the parties have conferred, and the present best estimate of the length of trial is 3-5 _____.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____
_____
_____
_____

Counsel for the Parties:

_____
BRADLY MARKS
ATTORNEY FOR PLAINTIFF
THE MARKS LAW FIRM, PC

_____
CONRAD JORDAN
Attorney for Godzilla
Jordan & LeVerrier, P.C.

_____
Eli Randon
Goldberg Weprin Finkel Goldstein LLP
Attny for 158 West 23 LLC
1501 Broadway 22nd fl
New York, NY 10036
(212) 301-6215

08/22/2014 Version

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for/to _____
no later than _____. Any opposition shall be filed by
_____. Any reply shall be filed by _____. At the time any reply is
due, the moving party shall supply one courtesy hard copy of all motion papers by mail or hand
delivery to the Court in accordance with the Court's Individual Rules and Practices.

    The parties shall contact the Chambers of the Magistrate Judge designated to this case on
or before _____ in order to schedule settlement discussions under his/her
supervision in or about _____.

    The parties shall file a joint letter by __Aug. 12, 2016__ indicating whether they
would like the Court to refer the case to the assigned Magistrate Judge and/or the Court
mediation program for settlement purposes and, if so, approximately when they believe a
settlement conference should be held.

    The next pretrial conference is scheduled for __Jan. 5, 2017__ at
__3:45 pm__ in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street,
New York, New York 10007.

By **Thursday of the week prior to that conference**, the parties shall file on ECF a joint letter,
not to exceed three (3) pages, regarding the status of the case. The letter should include the
following information in separate paragraphs:

    (1) A statement of all existing deadlines, due dates, and/or cut-off dates;

    (2) A brief description of any outstanding motions;

    (3) A brief description of the status of discovery and of any additional discovery that needs
        to be completed;

    (4) A list of all prior settlement discussions, including the date, the parties involved, and the
        approximate duration of such discussions, if any;

    (5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

    (6) A statement of whether the parties anticipate filing motions for summary judgment; and

    (7) Any other issue that the parties would like to address at the pretrial conference or any
        information that the parties believe may assist the Court in advancing the case to
        settlement or trial.

08/22/2014 Version

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

JESSE M. FURMAN
United States District Judge

Dated: Aug. 9, 2016
New York, New York